# GLADSTEIN, REIF & MEGINNISS, LLP
**ATTORNEYS AT LAW**

| | | |
|---|---|---|
| AMY GLADSTEIN<br>JAMES REIF<br>WALTER M. MEGINNISS, JR.<br>KENT Y. HIROZAWA<br>BETH M. MARGOLIS<br>WILLIAM S. MASSEY *<br>AMELIA K. TUMINARO<br>KATHERINE H. HANSEN *<br>MICHAEL L. WINSTON<br>─────────────<br>JESSICA E. HARRIS<br><br>* ALSO ADMITTED IN NJ | 39 BROADWAY • SUITE 2430<br>NEW YORK, NEW YORK 10006<br>(212) 228-7727<br>FAX: (212) 228-7654 | ELLEN DICHNER<br>ROBERT MOLOFSKY **<br>YVONNE BROWN<br>JUDITH I. PADOW<br>*Of Counsel*<br><br>** ALSO ADMITTED IN<br>WASHINGTON, D.C. |

> Plaintiff's' request to take the two additional depositions is GRANTED. Plaintiffs' request for an extension of the discovery deadlines is GRANTED. The fact discovery deadline is extended to March 15, 2021. The expert discovery deadline is extended to April 29, 2021. The post-discovery conference will be held on April 27 at 3:00 p.m. Parties are directed to dial 888-251-2909 and use access code 2123101. The deadline for dispositive motions is extended to June 4, 2021.
>
> SO ORDERED.
> /s/ Lewis J. Liman
> LEWIS J. LIMAN
> United States District Judge
> 3/2/2021

<u>Via ECF</u>
February 19, 2021
Honorable Lewis J. Liman, U.S.D.J.
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Barzilay, et al. v. The City of New York, et al.*, 20-cv-4452 (LJL)

Dear Judge Liman:

      I represent Plaintiffs in the above-referenced action. In accordance with the Court's Individual Practice Rules, I submit this letter motion (1) to request an extension of the discovery deadline and a modification of the Case Management Plan as proposed below, and (2) to seek an order granting Plaintiffs leave to take two additional depositions. Specifically,

- Under the terms of the Case Management Plan, the deadline to complete fact discovery is currently set at February 22, 2021. Plaintiffs seek to extend the deadline to March 15, 2021, and to extend the remaining dates in the Case Management Plan commensurately.
- The additional discovery Plaintiffs seek is limited to taking the depositions of two individuals listed in Defendants' Supplemental Initial Disclosures, served on Plaintiffs on February 16, 2021, and production of the additional documents referred to therein. A copy of Defendants' Supplemental Initial Disclosures is attached as Exhibit A. Plaintiffs seek to take the depositions of Joseph Palazzolo and Amiris Caesar-Smith, identified in that Supplemental Disclosure on page 2.

      Defendants do not object to the time extensions requested by Plaintiffs. However, Defendants have not agreed that Plaintiffs may depose both of the individuals they seek to depose. Plaintiffs have attempted to resolve this dispute before bringing this motion to the Court. A copy of the email communications between counsel concerning this dispute is attached as Exhibit B. I also conferred with Defendants' counsel by phone on February 19. We narrowed the issues in dispute but did not reach a full agreement.

Defendants' object to Plaintiffs' request to depose these two individuals on the claim that two additional depositions would exceed the limit of ten prescribed in in Fed. R. Civ. P. 30(a)(2)(A)(i).  The claim has no basis.  In fact, Plaintiffs have taken seven depositions, each on a single day.  The two additional depositions would only bring the number of depositions taken by Plaintiffs to a total of nine. Defendants' argument is that two of the seven deponents whose depositions have already been taken were identified by Defendants as Rule 30(b)(6) witnesses and Plaintiffs' questioning of them encompassed more than the subjects of the 30(b)(6) notices.  Defendants contend that, for this reason, each of those depositions must be counted as two depositions, even though each was completed in a single day.  By that calculation, the seven depositions Plaintiffs have already taken should be counted as nine.

Defendants' argument is baseless.  The language of the Rule makes no distinction between depositions of 30(b)(6) witnesses and other witnesses.  Leave of court is required "if the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants."  Nothing in the Advisory Committee Notes, nor in decisions interpreting the Rule, supports Defendants' argument.[1]

Plaintiffs have a concrete need to take these depositions.  That they may have relevant information is underscored by the fact that Defendants have identified them as persons with knowledge or information in the Supplemental Disclosures.  Defendants also acknowledge that Ms. Caesar-Smith was identified as a person with knowledge for the first time in the 16 Supplemental Disclosures.  They assert that the other witness – Joseph Palazzolo – was previously identified in their answers to interrogatories served on November 30, and could have been selected for deposition rather than others who were selected.  However, Defendants' counsel made clear in our conversation today that their objection is not to the identity of the person to be deposed, but only to the number of depositions.  That is, Defendants assert that Plaintiffs may only take one more deposition – whether that is the deposition of Mr. Palazzolo or Ms. Caesar-Smith – because of the ten-deposition limit in Rule 30. In short, their argument rests entirely on the erroneous premise that a 30(b)(6) deposition of a single witness on a single day may be counted as two depositions.[2]

---

[1] The 1993 Advisory Committee Note to Rule 30(a) clarifies that a 30(b)(6) deposition notice counts as "one" for purposes of the ten-deposition limit, even though multiple individuals may need to be deposed to comply with that notice.  In contrast, nothing in the Advisory Committee Notes suggests that a single-day deposition of a witness identified in response to a 30(b)(6) notice should ever be counted as more than "one" deposition.

[2] Although Mr. Palazzolo was earlier identified in interrogatory answers as a person with knowledge, Plaintiffs refrained from deposing him because his superior, Carlos Velez, testified that he (Mr. Velez) was responsible for the adverse personnel actions that are at issue here. However, in their Supplemental Disclosures served Feb. 16, Defendants' description of the subject of Mr. Palazzolo's knowledge has alerted Plaintiffs that he may be called upon to testify about matters that have not been previously described by other witnesses.  Mr. Palazzolo is described as having information or knowledge concerning Plaintiffs' possible violations of FDNY policies and procedures "in or around April and May 2020."  To the best of our knowledge, Defendants have never before adverted to possible violations in May 2020.  (Indeed, if the subjects of Mr. Palazzolo's knowledge had been covered in Defendants' interrogatory answers, there would have been no need to refer to him in these Supplemental Disclosures.)

In any event, even if the Court were inclined to agree with Defendants that Rule 30 (b)(6) depositions should be counted twice and the two additional depositions Plaintiffs seek would yield a total of 11, Plaintiffs request leave of the Court pursuant to Rule 30(a)(2)(A)(i) to take these depositions. Plaintiffs have not delayed in acting upon this issue, as it only arose when Defendants served their Supplemental Disclosures on February 16. Plaintiffs would forgo the depositions if Defendants were not asserting that the deponents will be used for their defense. In fact, Plaintiffs offered to refrain from seeking this discovery if Defendants would agree not to call them as witnesses at trial and not to submit affidavits from them in connection with a motion for summary judgment. *See* Exh. B. Defendants have not accepted that offer. Defendants' refusal shows that Plaintiffs have good reason to seek this discovery.

Generally, a "court must grant a request to exceed ten depositions unless the additional depositions would be unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit." *In re Weatherford Inter'l Securities Lit.,* No. 11 Civ. 1646 (LAK)(JCF), 2013 WL 5762923 at *2 (S.D.N.Y. Oct. 24, 2013). The additional deposition that is in dispute here will not cause any material added burden. The delay involved in taking this deposition is not a substantial one, and Plaintiffs have not unduly protracted the length of time consumed in pre-trial discovery. Plaintiffs are anxious to move the case forward, but are compelled to seek this short delay to obtain discovery as to the matters brought on by Defendants' February 16 Supplemental Disclosures.[3]

Finally, Plaintiffs request the following parallel modification of the remaining elements of the Case Management Plan to reflect the extension of the fact discovery deadline from February 22, 2021, to March 15, 2021:

1. Expert discovery to be extended from April 8, 2021 to April 29, 2021;

2. Post-discovery conference to be adjourned from April 2, 2021, to the week of April 26, 2021 or a date more convenient for the Court; and

3. Dispositive motion deadline to be extended from May 14, 2021, to June 4, 2021.

Plaintiffs have not made a prior request to extend the fact discovery deadline. Plaintiffs have made one prior request to extend the deadline to amend the complaint to December 21, 2020, which was granted, but that extension did not affect the deadline for completion of fact discovery nor any other element of the Case Management Plan. With Plaintiffs' consent, Defendants have previously submitted a request to extend the fact discovery deadline from January 21, 2021, to February 22, 2021, which was granted.

Thank you for your consideration.

---

[3] The three-week extension is necessary because during this period, the domestic demands that witnesses face because of the pandemic, including child care arrangements, have made it more difficult to schedule depositions quickly.

Very truly yours

Walter M. Meginniss, Jr.

Encls.

cc:   Danielle Dandrige, Esq., Attorney for Defendants