USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/12/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

President Oren Barzilay, et al.,

                                  Plaintiffs,

-against-

City of New York et al.,

                                  Defendants.

1:20-cv-04452 (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

This action, in which Plaintiffs Uniformed EMTs, Paramedics, and Fire Inspectors, Local 2507, DC 37, AFSCME ("Local 2507"); Oren Barzilay, as President of Local 2507; Elizabeth Bonilla ("Bonilla"); Alexander Nunez ("Nunez"); Megan Pfieffer ("Pfieffer"); and John Rugen ("Rugen") (collectively, "Plaintiffs") asserted claims against Defendants City of New York (the "City"); Daniel Nigro, as Commissioner of the Fire Department of the City of New York (the "FDNY"); and Carlos Velez (collectively, "Defendants") under federal and state law,[1] resolved following two settlement conferences before the Court on October 19, 2022 and January 23, 2023.

Presently before the Court is Plaintiffs' motion for attorneys' fees in the amount of $736,671.25 and costs in the amount of $19,083.78.[2] (*See* Pls.' 2/16/23 Not. of Mot., ECF No.

---

[1] Plaintiffs, Emergency Medical Technicians ("EMTs") and paramedics who work for the FDNY and the union that represents them, brought this action complaining that Defendants infringed upon Plaintiffs freedom of expression in violation of the United States and New York Constitutions and deprived them of liberty and property interests without due process also in violation of the United States and New York Constitutions. *See Barzilay v. City of New York*, 610 F. Supp. 3d 544, 561 (S.D.N.Y. 2022).

[2] Plaintiffs initially had sought to recover $33,929.67 in costs. (*See* Pls.' 2/16/23 Not. of Mot., ECF No. 122.) However, Plaintiff later reduced the amount of costs sought to $19,083.78. (*See* Meginniss Reply Decl., ECF No. 129, ¶ 1.)

122.) For the reasons set forth below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART. Plaintiffs are awarded $632,450.00 in attorneys' fees and $19,083.78 in costs.

## BACKGROUND

In their Second Amended Complaint, Plaintiffs alleged First Amendment retaliation claims and Fourteenth Amendment Due Process claims, pursuant to 42 U.S.C. § 1983, as well as claims under the New York Constitution. (Second Am. Compl., ECF No. 26, ¶¶ 1, 84-116.) Plaintiffs Rugen, Nunez, Pfieffer and Bonilla alleged that Defendants retaliated against them for engaging in protected speech. *See Barzilay*, 610 F. Supp. 3d at 572-73. Specifically, they alleged that Defendants restricted the individual Plaintiffs' employment or otherwise took adverse employment action against them because of their communications with the news media about the COVID-19 pandemic and the experiences of EMTs and paramedics. *See id*. Local 2507 alleged that the imposition of adverse actions against its members and the consequent chilling effect on their free speech interfered with Local 2507's exercise of its First Amendment rights because it relied on its members' participation to support its effective communication with the public. *See id*. Plaintiffs also alleged that the actions taken against them with respect to their employment were done without notice and a prior opportunity to be heard, depriving them of property and liberty interests without due process of law. *See id*.

Following discovery,[3] on July 9, 2021, Plaintiffs moved for partial summary judgment and Defendants cross moved for summary judgment. (Pls.' 7/9/21 Not. of Mot., ECF No. 45; Defs.' 7/9/21 Not. of Mot., ECF No. 58.) On July 8, 2022, the Honorable Lewis J. Liman denied Plaintiffs'

---

[3] A description of the discovery undertaken in this action, as well as the discovery motions filed, is set forth in Plaintiffs' Declaration of Walter M. Meginniss, Jr. (Meginniss 2/16/23 Decl., ECF No. 123, ¶¶ 18-20, 22.)

2

partial motion for summary judgment and granted in part and denied in part Defendants' motion for summary judgment. *See Barzilay*, 610 F. Supp. 3d at 622. Judge Liman granted Defendants' motion with respect to Plaintiffs' due process claims. *See id*. at 609, 617. However, he found that "Plaintiffs [were] entitled to a jury trial on their § 1983 claims for First Amendment retaliation against all Defendants and on their related free-speech claim under the New York State Constitution against the City on a theory of respondeat superior." *Id*. at 621.

Settlement conferences were held before the undersigned on October 19, 2022, and January 23, 2023, and a consensual resolution was reached. On January 24, 2023, upon the parties' consent, this action was referred to the undersigned to conduct all further proceedings. (Consent, ECF No. 115.) Thereafter, in February 2023, a Settlement Agreement was entered into by the parties. (Settl. Agmt., ECF No. 123-1.) The Settlement Agreement provided that each of Bonilla, Nunez, Pfieffer and Rugen would receive $29,999.00 in compensatory damages. (*See id*. at PDF pp. 3-4.) The Agreement also provided that Defendants would abide by a certain policy currently in effect and would not rely upon or seek to reinstitute a prior version thereof and that Defendants would expunge from FDNY files certain information regarding Bonilla, Nunez, Pfieffer and Rugen. (*See id*. at PDF p. 4.)

On February 9, 2023, this action was dismissed, and the Court retained jurisdiction for purposes of deciding Plaintiffs' motion for attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d). (2/9/23 Stip. & Order, ECF No. 120.) On February 16, 2023, Plaintiffs filed their motion currently before the Court seeking to recover attorneys' fees and costs. (*See* Pls.' 2/16/23 Not. of Mot. at 1.) On March 21, 2023, Defendants filed their opposition memorandum.

(*See* Defs.' 3/21/23 Mem., ECF No. 125.) On April 10, 2023, Plaintiffs filed their reply papers. (Pls.' 4/10/23 Reply Mem., ECF No. 128; Meginniss Reply Decl.; Liao Reply Decl., ECF No. 130.)

## LEGAL STANDARDS

The Civil Rights Attorney's Fees Awards Act of 1976 provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988§ 1988(b). "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). "The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . or comparable relief through a consent decree or settlement." *Id*. (citations omitted)

In determining reasonable attorneys' fees, courts customarily begin by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Holick v. Cellular Sales*, 48 F.4th 101, 106 (2d Cir. 2022) (citation omitted). To determine a reasonable hourly rate, a court has "considerable discretion" to bear in mind "all pertinent factors" to a reasonable rate, including those articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019) (citation omitted). Courts are not strictly required to consider each of these factors, but the factors may assist in calculating a reasonable

4

fee. *Id*. at 233. Additionally, "[t]he reasonable hourly rate is a rate a paying client would be willing to pay." *Id*. at 230 (citation omitted). Accordingly, a court "should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id*. (citation omitted).

"In determining the number of hours reasonably expended on a case, a district court properly excludes documented hours that are excessive, redundant, or otherwise unnecessary." *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) (citation omitted). To address such unnecessary entries, courts have discretion "simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Id*. (citation omitted).

"[T]he most critical factor in a district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (citation omitted). The determination of the degree of success obtained is made by examining "the quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve as evidenced in her complaint." *Holick*, 48 F.4th at 106 (citation omitted).

Finally, the goal in awarding fees is "to do rough justice, not to achieve auditing perfection." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). As a result, "the determination of fees should not result in a second major litigation." *Id*. (citation omitted).

**APPLICATION**

Having achieved a successful settlement of this action, Plaintiffs are prevailing parties who are entitled to recover their reasonable attorneys' fees and costs.[4] The Court considers the fees and costs separately.

**I.      Reasonable Attorneys' Fees**

Below, the Court considers reasonable hourly rates and reasonable hours for the attorneys who worked on this case to arrive at the lodestar amount to be awarded.

**A.      Reasonable Hourly Rate**

Plaintiffs seeks to recover fees for time spent in this action by individuals employed by the law firm of Gladstein, Reif & Meginniss LLP ("GRM") at the following hourly rates: $600.00 for named partner Walter Meginniss; $450.00 for partner Amelia Tuminaro; $300.00 for associate Hyungwoo David Kim; and $125.00 for law students and paralegals.[5] (*See* Defs.' 3/21/23 Mem. at 15-16.)[6] These rates are in line with rates recently awarded in this District. *See HomeAway.com, Inc. v. City of N.Y.*, No. 18-CV-07742 (PAE), 2021 WL 791232, at *17-18 (S.D.N.Y. Mar. 1, 2021) (awarding hourly rates of $650 for partner with extensive civil rights experience, $600 for partner with less experience in this area, $500 for counsel, $400 for senior associates, $375 for mid-level associate, $300 for junior associates and $150 for legal assistants in complex civil rights case); *Torres v. City of New York*, No. 18-CV-03644 (LGS) (KHP), 2020 WL 6561599, at

---

[4] Defendants do not dispute that Plaintiffs are entitled to reasonable attorneys' fees and costs, but Defendants argue that the amounts sought by Plaintiffs are excessive. (*See* Defs.' 3/21/23 Mem. at 7-25.)

[5] The background and experience of the GRM personnel are set forth in Plaintiffs' Meginniss Declaration. (*See* Meginniss 2/16/23 Decl. ¶¶ 29-45.)

[6] Plaintiffs are not seeking fees for two other attorneys who worked on this case, *i.e.*, Yvonne Brown and Jessica Harris. (*See* Meginniss 2/16/23 Decl. ¶ 50.)

6

\*4-5 (S.D.N.Y. June 3, 2020) (awarding hourly rates of $600 for partner, $400 for junior partner/counsel, $250 for junior associates and $100 for law clerks following settlement of "straightforward employment discrimination case"), *report and recommendation adopted*, 2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020); *see also Chen v. Shanghai Café Deluxe, Inc.*, No. 17-CV-02536 (VF), 2023 WL 2625791, at \*11 (S.D.N.Y. Mar. 24, 2023) ("In this District, courts have awarded attorneys specializing in employment and civil-rights cases an hourly rate of $650 per hour for a partner with extensive experience at a large firm, to between $400 and $275 for an associate, depending on the associate's experience." (citing cases)); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 547 (S.D.N.Y. 2008) (awarding $600 per hour for partners and counsel, $350 for senior associates, $250 for junior associates, $175 for law clerks and $125 for paralegals in Title VII case).

Having considered the attorneys' experience and all the other relevant factors, the Court finds that Plaintiffs' requested rates are reasonable. *See Zhang v. Zhang*, No. 16-CV-04013 (LGS), 2021 WL 1154084, at \*2 (S.D.N.Y. Mar. 26, 2021) ("A court does not need to make specific findings as to each factor as long as all are considered.").

B. **Reasonable Hours**

Plaintiffs seek compensation for 1,589 hours of work by GRM in this case (1,293.9 hours of attorney time and 294.5 hours of law student and paralegal time).[7] (*See* Meginniss 2/16/23 Decl. ¶ 48.) Defendants argue that Plaintiffs' fees should be substantially reduced due to excessive hours expended on this case. (*See* Defs.' 3/21/23 Mem. at 15-23.)

---

[7] Plaintiffs are not seeking compensation for 145.7 hours of attorney time spent on this case. (*See* Meginniss 2/16/23 Decl. ¶ 50.)

7

Plaintiff must "establish that the number of hours for which [he] seeks compensation are reasonable, and the court must make 'a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.'" *Torres v. City of New York*, No. 18-CV-03644 (LGS), 2020 WL 4883807, at *3 (S.D.N.Y. Aug. 20, 2020) (quoting *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997)). In calculating the reasonable number of hours expended "the court takes account of claimed hours that it views as 'excessive, redundant, or otherwise unnecessary.'" *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434(1983)). As to whether hours worked were excessive, "[t]he relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Torres*, 2020 WL 4883807, at *3 (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

If there is excessive or redundant billing, a court may subtract the number of excessive or "redundant hours from the amount of hours used to calculate the lodestar." *Siracuse v. Program for the Dev. of Human Potential*, No. 07-CV-02205 (CLP), 2012 WL 1624291, at *34 (E.D.N.Y. Apr. 30, 2012). "[T]he district court is not obligated to undertake a line-by-line review of [the prevailing party's] extensive fee application." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014). Rather, it may "use a percentage deduction as a practical means of trimming fat." *McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks omitted); *see also New York State Ass'n Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (finding percentage reductions to be acceptable means for reducing fee applications).

Defendants complain that the staffing of this case by Plaintiffs' counsel was "top-heavy." (Defs.' 3/21/23 Mem. at 21-22.) The Court agrees to the extent that Attorney Meginniss billed 793.6 hours at an hourly rate of $600.00, compared to the 490.8 hours billed by his more junior partner, Attorney Tuminaro, at an hourly rate of $450.00. (*See* Meginniss 2/16/23 Decl. ¶ 48.) Although Attorney Meginniss's work undoubtedly brought significant value to his clients, based upon the Court's review of Attorney Tuminaro's experience and credentials (*see id*. ¶¶ 36-39), Attorney Tuminaro was capable of running this case substantially on her own at her lower hourly rate. "[B]ear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively," *Lilly*, 934 F.3d at 228, the Court finds that a reallocation of the hours expended by Attorney Meginniss and Attorney Tuminaro is appropriate. *See Torres v. City of New York*, No. 18-CV-03644 (LGS) (KHP), 2020 WL 6561599, at *7 (S.D.N.Y. June 3, 2020), *report and recommendation adopted*, 2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020) (reallocating compensable hours to account for inefficient staffing).

In the Court's view, and based upon the Court's experience,[8] a reasonable, paying client in a case such as this would expect a more senior partner staffed on a case at a higher hourly rate to perform no more than 25% of the total partner hours. Thus, the Court reallocates the 1284.4 total partner hours between the two GRM partners, as follows: 321.1 hours for Attorney Meginniss (*i.e*., 25% of 1284.4) and 963.3 hours for Attorney Tuminaro (*i.e*., 75% of 1284.4).

Defendants argue that time spent by Plaintiffs' counsel on duplicative tasks should be disregarded. (*See* Defs.' 3/21/23 Mem. at 22-23.) As the "most egregious examples," Defendants

---

[8] A judge may draw from his "past experience as a lawyer" in making fee determinations. *See Johnson*, 488 F.2d at 718.

9

identify hours billed by both Attorney Meginniss and Attorney Tuminaro in preparing for and attending numerous depositions, even though only one of them questioned the witness. (*See id*. (citing Pl.'s Time records, ECF No. 123, at PDF pp. 38-40, 42, 51.) District courts have "ample discretion" in "assessing the extent of staffing" that is "appropriate for a given case." *Carey*, 711 F.2d at 1146 (quoting *Seigal v. Merrick*, 619 F.2d 160, 164 (2d Cir. 1980)). While "[t]he use of multiple attorneys . . . is not unreasonable *per se*," *Simmonds v. New York City Dep't of Corr.*, No. 06-CV-05298 (NRB), 2008 WL 4303474, at *6 (S.D.N.Y. Sept. 16, 2008) (quoting *Williamsburg Fair Housing Comm. v. Ross-Rodney Hous.*, 599 F. Supp. 509, 518 (S.D.N.Y. 1984)), courts should reduce the hours actually expended to account for "duplicative or repetitive work." *See id*. The Court agrees with Defendants that some of the hours billed in connection with depositions and other tasks are in excess of that which is reasonable and factors that duplication in the percentage reduction below.

Defendants argue that some of GRM's time entries are vague. (*See* Defs.' 3/21/23 Mem. at 16-18.) "Vague or incomplete" time records do not "enable the court to determine whether a reasonable amount of time was spent on each activity" or "whether the particular activity is compensable." *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 313 (S.D.N.Y. 2009). A court "may [] decrease the total award from the claimed amount because of vagueness, inconsistencies, and other deficiencies in the billing records." *Raja*, 43 F.4th at 87 (internal quotation marks omitted). As Plaintiff admits in part (*see* Pls.' 4/10/23 Reply at 11 n.10), the

Court finds that certain time entries identified by Defendants, are vague, warranting some reduction in the hours billed by Plaintiffs' counsel.[9]

Considering all the relevant factors, and having carefully reviewed the time records submitted by Plaintiffs' counsel (including the time entries for which Plaintiffs are not seeking payment), the Court finds that some reduction in the hours billed by GRM personnel is appropriate. However, because it is difficult to say with precision the extent to which these hours should be reduced, the Court finds it appropriate to employ a percentage reduction in the hours expended. In the Court's view, a reduction of five percent in the hours billed for which GRM seeks compensation accomplishes "rough justice." *See Restivo*, 846 F.3d at 589.

The chart below reflects a calculation of the fees awarded:

| **Name** | **Hourly rate** | **Hours** | **Amount awarded** |
|---|---|---|---|
| Meginniss | $600 | 305 (95% of 321.1) | $183,000 |
| Tuminaro | $450 | 915 (95% of 963.3) | $411,750 |
| Kim | $300 | 9 (95% of 9.5) | $2,700 |
| All Others | $125 | 280 (95% of 294.5) | $35,000 |
| **TOTAL** | | | **$632,450** |

---

[9] The Court also has considered other variables in assessing the reasonable hours expended. *See Adorno v. Port Auth. of New York & New Jersey*, 685 F. Supp. 2d 507, 512 (S.D.N.Y. 2010) (noting applicability of *Johnson* factors, including extent of success, in setting number of compensable hours). As noted above, Plaintiffs were not successful on all of their claims. However, the factual and legal bases of Plaintiffs' claims were overlapping, making it "difficult to divide the hours expended on a claim-by-claim basis." *Raja*, 43 F.4th at 88 (quoting *Hensley*, 461 U.S. at 435). Thus, the Court "look[s] to the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id*. Here, the Court finds that the relief obtained was substantial.

II.      **Reasonable Costs**

Plaintiffs also seek recovery of costs. "Courts generally award reasonable out-of-pocket costs incurred by attorneys and charged to their clients." *Trs. of the Hollow Metal Pension Fund v. Morris Fine Furniture Work Shop, Inc.*, No. 16-CV-09480 (LAK) (KHP), 2019 WL 2526914, at *10 (S.D.N.Y. Mar. 15, 2019) (citing *Poulos v. City of New York*, No. 14-CV-03023 (LTS) (BCM), 2018 WL 3750508, at *5-6 (S.D.N.Y. July 13, 2018)).

Plaintiffs initially had sought to recover $33,929.67 in costs, which included, among other things, an expert witness fee and a deposition cancellation fee. (*See* Pls.' Itemized Costs, ECF No. 123-4.) In opposition, Defendants objected to certain items of Plaintiffs' costs, including the expert witness fee and the deposition cancellation fee. (*See* Defs.' 3/21/23 Mem. at 23-25.) In reply, Plaintiffs agreed to remove many of the contested items, thereby reducing their requested costs to the amount of $19,083.78. (*See* Meginniss Reply Decl. ¶ 1.) The remaining contested items include the cost of printing a chapter from the Medical Data Privacy Handbook that was referenced by one of Defendants' witnesses at deposition ($29.95), certain costs for overnight mailing ($316.52), Pacer research costs ($429.70) and Westlaw research costs ($10,308.94).[10] (Meginniss Reply Decl. ¶¶ 13-14, 18.) The Court finds that Plaintiffs' costs, as reduced in their reply submissions, are reasonable and compensable.

Accordingly, the Court awards costs to Plaintiffs in the amount of $19,083.78.

---

[10] Plaintiffs in their reply also reduced the amount of filing fees that they were seeking. (*See* Meginniss Reply Decl. ¶ 17.)

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART. Plaintiffs are awarded $632,450.00 in attorneys' fees and $19,083.78 in costs, for a total award of $651,533.78.

**SO ORDERED.**

Dated:     New York, New York
           April 12, 2023

_____
STEWART D. AARON
United States Magistrate Judge